STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-12-148
*TDW – CUM√3/29/2012*

BERRY TALBOT ROYER, P.A.

      Plaintiff

v.

                                              ORDER

STEPHEN BRUNING,

      Defendant

Before the court is a motion for a TRO by plaintiff Berry Talbot Royer P.A.

The Berry Talbot firm contends that defendant Stephen Bruning is violating the terms of a non-competition agreement by providing accounting services to persons who were clients of the Berry Talbot firm when Bruning worked there. Bruning has since left the firm.[1] At the time he left, an agreement was reached under which Bruning could continue to perform services for specified clients, but the firm alleges that he is performing services for a number of other clients as well in violation of his non-compete agreement.

The firm's verified complaint, however, only offers evidence as to one client to whom, under the terms of the con-compete agreement, Bruning should not have been providing services. The firm's verified complaint offers speculation but no factual support for the theory that Bruning is providing services to other clients in violation of his agreement.

In response to the motion Bruning has filed an affidavit stating that he did prepare tax returns for the one client mentioned in the verified complaint and for one

---

[1] In his affidavit, Bruning states that he was terminated by the firm.

other Berry Talbot client. He states that he did not solicit those two clients but that they insisted that he should prepare their returns and that they told him that they had no intention of using the Berry Talbot firm in any case. He denies providing any services to any other Berry Talbot clients.

Under these circumstances the court cannot find that the Berry Talbot firm has demonstrated any irreparable harm that would justify a temporary restraining order.[2] Irreparable injury is a prerequisite for injunctive relief. E.g., Bangor Historic Track v. Department of Agriculture, 2003 ME 140 ¶ 12, 837 A.2d 129, 133. Where there is an adequate remedy at law, equitable relief is not available. If the Berry Talbot firm can demonstrate that it otherwise would have received the tax preparation fees from the two former Berry Talbot clients that Bruning admits he prepared returns for ($275 in the case of one client and $250 in the case of the other), the firm will have an adequate remedy at law and can recover damages in the income it did not receive.

The entry shall be:

Plaintiff's motion for a TRO is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March 29, 2012

_____
Thomas D. Warren
Justice, Superior Court

---

[2] Although the non-compete agreement in this case provides that any breach will constitute irreparable injury, that does not relieve the Berry Talbot firm of the need to show some ongoing or future injury justifying equitable relief. The court has the discretion to decide whether a plaintiff has demonstrated the kind of injury that justifies the exercise of the court's authority to impose equitable relief, and that discretion cannot be precluded by a contractual recital. Because on this record the Berry Talbot firm has not demonstrated any ongoing or future injury in this case, the court does not need to consider whether there might be other arguments against the enforcement of the contractual recitals here. See State Farm Mutual Auto Insurance Co. v. Koshy, 2010 ME 44 ¶¶ 54-60, 995 A.2d 651, 668-69.

--------------------------------------------------------------------------------

01 0000007876                ISRAEL, GLENN
   100 MIDDLE ST PO BOX 9729 PORTLAND ME 04104-5029

| F | BERRY TALBOT ROYER INC | PL | RTND | 03/05/2012 |
|---|------------------------|----|------|------------|

02 0000003232                PERKINS, DAVID
   32 PLEASANT ST PO BOX 449 PORTLAND ME 04112-0449

| F | STEPHEN BRUNING | DEF | RTND | 03/16/2012 |
|---|-----------------|-----|------|------------|